# CONTRACT FOR DEED

**THIS CONTRACT FOR DEED** (this "Agreement") dated this 19th day of November, 2008

**BETWEEN:**

David A. Markiewicz and Margaret Roseanna Markiewicz of 6699 River Corners Road, Spencer, Ohio, 44275, United States

(the "Seller")

OF THE FIRST PART

- AND -

Cranston Chriss of 3681 East 57 th Street, Cleveland, Ohio, 44105, United States

(the "Purchaser")

OF THE SECOND PART

IN CONSIDERATION OF the covenants and agreements contained in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties to this Agreement agree as follows:

## Sale of Property

1. On the 19th day of November, 2008, the Seller, for and in consideration of the sum of $50,000.00, does hereby convey and grant with warranty covenants to the Purchaser, all of the following lands and property, together with all improvements located on the property:

Situated in the city of Cleveland, County of Cuyahoga and State of Ohio: and known as Sublot No. 139 in Hubbard Cook, Trustee Subdivision of Part of Original One Hundred Acre Lot Nos. 317 and 321 as shown by the Recorded Plat in Volume 6 of Maps, Page 21 of Cuyahoga County Records and being 40

Initials: _____

Page 1 of 10

feet front on the Westerly Side of East 57th and extending back of equal width 140 feet, as appears on said plat, be the same more or less, but subject to all legal highways. Permanent Parcel No. 131-37-109 (the "Premises").

2. The Purchaser and the Seller agree that the Purchaser takes the property with the following conditions and defects relating to the property:
  A. The front room window has a crack.

  B. The window in basment is broke.

  C. Part of the basement floor is flaking.

  D. The garage roof needs repair.

### Purchase Price

3. The purchase price (the "Purchase Price") of the Premises is $50,000.00. The Purchaser agrees to pay $15,000.00 upon execution of this Agreement and the balance of the Purchase Price being payable in monthly installments of $500.00, due on the 1 of each month, beginning on January 31, 2009 until the Purchase Price is paid in full.

### Interest Charges

4. Interest of 0% per year will be computed monthly and deducted from the monthly payments. The balance of the monthly payment will be applied to the principal amount of the Purchase Price outstanding.

### Lump Sum Payments

5. Lump sum payments may be made at any time, without penalty, to reduce the principal amount of the Purchase Price outstanding.

### Property Taxes and Assessments

6. For the duration of this Agreement, the Purchaser will be responsible for all taxes, and assessments levied against the Premises.

Initials: _RM DM CC_

## Insurance

7. The Purchaser is not responsible for insuring the Seller's contents and furnishings in or about the Premises against either damage or loss and the Purchaser assumes no liability for any such damage or loss.

8. The Purchaser is hereby advised and understands that the personal property of the Purchaser is not insured by the Seller for either damage or loss, and the Seller assumes no responsibility for any such damage or loss. The Purchaser is advised that, if insurance coverage is desired by the Purchaser, the Purchaser should inquire with the Purchaser's insurance agent regarding a personal contents policy of insurance.

9. The Purchaser is hereby advised and understands that the Premises is insured by the Seller for both damage and loss to the structure, mechanical or improvements to the Premises, and the Seller assumes responsibility for any such damage or loss. Any premiums paid by the Seller for the insurance on the Premises are payable to the Seller by the Purchaser within 30 days of the Seller furnishing receipts evidencing such insurance to the Purchaser.

10. The Seller will maintain liability insurance on the Premises, and the Seller assumes responsibility for any such damage or loss resulting from the liability of the Purchaser or the Seller. Any premiums paid by the Seller for the insurance on the Premises are payable to the Seller by the Purchaser within 30 days of the Seller furnishing receipts evidencing such insurance to the Purchaser.

## Purchaser's Default

11. In the event of the Purchaser's failure to perform any covenant or condition contained in this Agreement, the Seller will give the Purchaser a notice of default. The notice will give the Purchaser 14 days from the date the notice is received to remedy the default. If the Purchaser fails to remedy the default within 14 days, then the entire balance of the Purchase Price, including interest payable, will become due 60 days after the 14 day period to remedy the default expires (the "Notice Period"). Failure to pay the full amount of the Purchase Price owing will result in the termination of this Agreement at the end of the Notice Period.

12. The Purchaser and the Seller agree that in the event that the Purchaser fails to remedy a default and this Agreement is terminated, the Purchaser will vacate

Initials: _RM DM CC_  Page 3 of 10

the Premises within 60 days of the Agreement terminating. The Purchaser and the Seller further agree that failure of the Purchaser to vacate within that period gives the Seller a right to maintain an action to obtain vacant possession of the Premises.

13. In the event of default and termination of this Agreement by the Purchaser, the Purchaser forfeits any and all payments made under the terms of this Agreement, including but not limited to all payments made towards the Purchase Price, and any and all taxes, assessments, or insurance premiums paid by the Purchaser, as liquidated damages for breach of this Agreement.

14. The Seller reserves the right to recover damages resulting from the willful acts or negligence of the Purchaser.

### Seller's Right to Reinstate Agreement After Default

15. In the event of the Purchaser's default and the termination of this Agreement, the Seller, at his sole discretion, will have the right to reinstate this Agreement. In exercising his discretion, the Seller may require the Purchaser to:

    (i) pay all amounts due and owing under this Agreement had the Agreement not been terminated;

    (ii) cure any defaults that have occurred; and

    (iii) pay all expenses incurred by the Seller in enforcing their rights under this Agreement.

16. All payments made under the preceding provision must be made in a form acceptable to both parties.

### Assignment or Sale of the Premises

17. The Purchaser may not sell, assign, transfer, convey, encumber, or otherwise deal with any interest in the Premises without the written consent of the Seller.

### Deed and Evidence of Title

18. Upon payment of the full Purchase Price, including all taxes, assessments, interest, and other charges due to the Seller, the Seller agrees to deliver to the

Purchaser, within a reasonable amount of time, a Warranty Deed to the Premises in the name of the Purchaser, free and clear of all liens and encumbrances.

**Notices**

19. All notices required to be sent under this Agreement will be sent by pre-paid registered mail to:

If to the Purchaser:

Cranston Chriss of 3681 East 57 th Street, Cleveland, Ohio, 44105, United States.

If to the Seller:

David A. Markiewicz and Margaret Roseanna Markiewicz of 6699 River Corners Road, Spencer, Ohio, 44275, United States.

**Charges for Late Payment**

20. In the event the Purchaser pays a monthly installment payment after it becomes due, there will be a late fee of $0.00 assessed to the Purchaser as a reasonable pre-estimate of the Seller's loss as a result of the late payment. Such fees will be deducted from any payment to the Seller before being applied against the monthly installment owing.

**Conveyance or Mortgage by Seller**

*[Handwritten: We the seller take this out of the contract - Buyer agrees. DM RM CC]*

21. ~~The Seller reserves the right to encumber the Premises with a mortgage. The Seller agrees to meet the obligations due under the mortgage and to provide proof of the same to the Purchaser upon the written demand of the Purchaser.~~

22. The Seller reserves the right to convey their interest in the Premises, subject to this Agreement. Such conveyance will not be cause for termination of this Agreement.

**Security**

Initials: _RM DM CC_            Page 5 of 10

23. This Agreement will act as security for the performance of all of the Purchaser's obligations under this Agreement.

### Time of the Essence

24. Time is of the essence for the performance of all of the Purchaser's obligations under this Agreement.

### Attorney Fees

25. In the event of a default by the Purchaser, the Purchaser will pay all the Seller's reasonable and actual attorney fees associated with enforcing the Seller's rights under this Agreement. The default will not be deemed to be corrected until all attorney fees have been paid.

### Entire Agreement

26. This Agreement will constitute the entire agreement between the Purchaser and the Seller. Any prior understanding or representation of any kind preceding the date of this Agreement will not be binding on either party except to the extent that it is incorporated into this Agreement.

### Amendments

27. Any amendments or modifications of this Agreement or additional obligations assumed by either party in connection with this Agreement will only be binding if they are evidenced in writing and signed by each party or an authorized representative of each party.

### Waivers

28. A waiver of any rights by any party in connection with this Agreement will only be binding if evidenced in writing and signed by each party or an authorized representative of each party.

### Severability

29. If there is a conflict between any provision of this Agreement and the applicable legislation of the State of Ohio (the "Act"), the Act will prevail and such

Initials: _____

provisions of this Agreement will be amended or deleted as necessary in order to comply with the Act. Further, any provisions that are required by the Act are incorporated into this Agreement.

30. In the event that any of the provisions of this Agreement will be held to be invalid or unenforceable in whole or in part, those provisions, to the extent enforceable and all other provisions of this Agreement will nevertheless continue to be valid and enforceable as though the invalid or unenforceable parts had not been included in this Agreement and the remaining provisions had been executed by both parties subsequent to the expungement of the invalid provision.

### Interpretation

31. Headings are inserted for the convenience of the parties only and are not to be considered when interpreting this Agreement. Words in the singular mean and include the plural and vice versa. Words in the masculine mean and include the feminine and vice versa.

### Joint and Several Liability

32. All Sellers are jointly and severally liable for the acts, omissions, and liabilities of all other Sellers to this Agreement.

### Heirs and Assigns

33. This Agreement will extend to and be binding upon and inure to the benefit of the respective heirs, executors, administrators, successors, and assigns, as the case may be, of each party to this Agreement. All covenants are to be construed as conditions of this Agreement.

### Additional Clauses

34. The payments will start the fisrt month, when David A. Markiewicz Sr. moves out of downstairs appartment. If earlier than January 31st 2009.

⁂ SP months

35. The seller will pay the first ten moths of 2008 taxes. The buyer will pay November and December taxes and on.

Initials: _____

36. The purcharser agrees to have such property paid in full in two years, starting from the first monthly payment. A $5,000.00 deposit (earnest) money was given on October 27, 2008, the remainder of 10,000.00 is due upon the execution of this Agreement, and payments goes as in the Agreement and Clauses.

*Sellers Agree to take 5,000 of the 10,000 on signing Nov 19th 2008 And the other 5,000 on Feb 1st 09.*

**IN WITNESS WHEREOF** the Seller and Purchaser have duly affixed their signatures under hand and seal on this ___19___ day of ___November___, 20_08_.

_____   _Margaret Roseanna Markiewicz_
David A. Markiewicz and Margaret
Roseanna Markiewicz
(Seller)

_Cranston Chriss_
Cranston Chriss
(Purchaser)

## SELLER ACKNOWLEDGMENT

STATE OF OHIO
COUNTY OF ___Cuyahoga___

Before me, a Notary Public for the state of Ohio, appeared the above named David A. Markiewicz and Margaret Roseanna Markiewicz, who acknowledged and signed the foregoing instrument and his/her signing was his/her free act. In Testimony Whereof, I have hereunto subscribed my name and affixed my seal this ___ day of ___November___, 20_08_.

_____
Notary Public, State of Ohio

**SHEILA A. KING**
**NOTARY PUBLIC, STATE OF OHIO**
**CUYAHOGA COUNTY**
**MY COMMISSION EXPIRES:** 11/13/12

Initials: _____

_____
(print name)

My commission expires _____

## PURCHASER ACKNOWLEDGMENT

STATE OF OHIO
COUNTY OF _____Cuyahoga_____

Before me, a Notary Public for the state of Ohio, appeared the above named Cranston Chriss, who acknowledged and signed the foregoing instrument and his/her signing was his/her free act. In Testimony Whereof, I have hereunto subscribed my name and affixed my seal this _____ day of ___November___, 20___.

_____[signature]_____
Notary Public, State of Ohio

SHEILA A. KING
NOTARY PUBLIC, ST[ATE OF OHIO]
CUYAHOGA CO[UNTY]
MY COMMISSION EXPIRES 11/3/2

_____
(print name)

My commission expires _____

## DISCLOSURE REQUIREMENTS

We recommend that you provide the Purchaser with an Amortization Schedule detailing the payments to be made for the duration of this Agreement.

If the house you are selling was built prior to 1978, the Seller is required to deliver a lead paint disclosure to the Purchaser. If this applies to your sale, please visit http://www.hud.gov/offices/lead/enforcement/disclosure.cfm and print off the lead paint pamphlet and disclosure form.

Initials: _[initials]_

If you have any questions or concerns regarding what needs to be disclosed, please contact a local attorney.

Initials: [initials]

Initials: _____

©2002-2008 LawDepot™

CRANSTON CHRISS
3670 E 57TH ST
CLEVELAND, OH 44105

2041
08-96
8-1027/470
00

Pay to the Order of  Raphael Markowitz    $5000 00
Date Mar 8 2011

Five Thousand    Dollars

KeyBank National Association
Cleveland, Ohio 44114
1-800-KEY2YOU® Key.com®

For _____

⑆041100103⑆: 200613026311⑈ 2041

28557542

3/14/11    2041    $5,000.00